IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 10-30058-001 |
| | ) | |
| EDDIE LEE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Defendant's motion to quash arrest and suppress evidence [d/e 30]. United States Magistrate Judge Byron G. Cudmore has entered a Report and Recommendation [d/e 47], wherein he recommends that the motion be Denied. The Defendant has filed Objections [d/e 49] to the Report and Recommendation. The Court has carefully reviewed the Defendant's Objections.

The factual background is discussed in detail in the Report and Recommendation. Defendant Eddie Lee was stopped on I-55 South by a McLean County deputy sheriff. The Defendant notes that although he was

told that he was driving a car with a suspended registration when he was stopped, the Defendant was not given a citation. Deputy Tuttle testified that, while on drug interdiction patrol, he did a random check of the plates on the car that the Defendant, an African-American, was driving. In his motion, the Defendant claims that first stop was unlawful because (1) the officers detained him an unreasonable length of time before conducting the search; (2) the drug-sniffing dog, Keej, did not alert on the Honda Accord and the officers therefore lacked probable cause to search the vehicle; and (3) the search exceeded the proper scope of a search of a vehicle incident to arrest. The Report and Recommendation rejected these arguments, concluding first that the detention was brief and reasonable. Judge Cudmore further determined that the drug dog did in fact alert on the vehicle. Finally, Judge Cudmore concluded that the search was not a search incident to arrest, but was a legitimate search based on probable cause that the vehicle contained drugs. The Defendant further argues that the evidence found during the second search should be barred as the fruit of the poisonous tree because the warrant was based on information illegally

obtained during the first stop.

Although the Defendant alleges that neither he nor the car's owner, Kimberly Love, was given a citation following the traffic stop, he does not dispute that the vehicle's registration was suspended for safety and financial responsibility reasons. In his Objections, the Defendant disputes that Deputy Tuttle randomly selected his vehicle, contending that the deputy's claim is not credible. According to the Report and Recommendation, Deputy Tuttle testified that he selected the Accord at random and that he randomly checked the registration of several vehicles that day while he was on patrol. The Court has no reason to doubt Deputy Tuttle's testimony.

Next, the Defendant claims that although the officer had neither reasonable suspicion nor probable cause to search the car, the Defendant was detained beyond the length of time needed to accomplish the reason for the stop. As Judge Cudmore observed, however, the drug dog was deployed a few minutes after the initial traffic stop. Probable cause can exist if a drug dog alerts on a vehicle. See e.g. United States v. Patterson, 65 F.3d 68, 71-72 (7th Cir. 1995). In his Objections, the Defendant cites Illinois v.

3

Caballes, 543 U.S. 405 (2005), wherein the United States Supreme Court referenced an Illinois Supreme Court case holding that the use of a dog during an unreasonably long traffic stop and the subsequent discovery of contraband were the product of an unconstitutional seizure. See id. at 407-08 (citing People v. Cox, 202 Ill.2d 462 (2002)). The Court in Caballes stated, "We may assume that a similar result would be warranted in this case if the dog sniff had been conducted while respondent was being unlawfully detained." Id. at 408.

The Court concludes that the drug sniff did not unreasonably prolong the traffic stop. The Defendant was provided a courtesy ride to a rest stop less than 30 minutes after the lawful traffic stop was initiated. This brief detention cannot be characterized as an unreasonably long traffic stop. Thus, the Defendant's Objection on this basis is without merit.

Having concluded that the initial stop and brief detention were valid, the Court rejects the Defendant's argument that the evidence allegedly obtained from the subsequent search of the car pursuant to a warrant must be suppressed as fruit of the poisonous tree.

Next, the Defendant claims that Special Agent Smith of the DEA relied on incorrect and unreliable information from an unnamed confidential source in submitting the search warrant affidavit. The Defendant disagrees with Judge Cudmore's finding that there was an insufficient basis for conducting a Franks hearing, and requests that the Court hold such a hearing at which time Agent Smith could be questioned about the information upon which he relied. In order to obtain a Franks hearing to rebut the presumption that a warrant is valid, a defendant must present evidence "that the officer submitting the complaint perjured himself or acted recklessly because he seriously doubted or had obvious reason to doubt the truth of the allegations." See United States v. Johnson, 580 F.3d 666, 670 (7th Cir. 2009). "It is not enough to show that an informant lied to the government officer, who then included those lies in the complaint." Id.

The Defendant alleges only that Agent Smith relied on incorrect and unreliable information from an unnamed confidential source in submitting the search warrant affidavit. This assertion alone is not sufficient to make

5

a preliminary showing that a defendant is entitled to a <u>Franks</u> hearing.

The Defendant goes on to point to what he alleges are examples of "incorrect and unreliable information" contained in the search warrant affidavit. The Court has carefully reviewed these examples of alleged "incorrect and unreliable information." None of the examples tends to show that the officer perjured himself or acted with reckless disregard for the truth in seeking the warrant. Accordingly, the Court agrees with Judge Cudmore's conclusion that the Defendant's argument fails to meet the minimum level required to merit a <u>Franks</u> hearing.

Another objection proffered by the Defendant is that the information provided by the cooperating source was not corroborated. As Judge Cudmore concluded, however, the reliability is corroborated by the two controlled buys from Darin Hurt and by law enforcement officers' observations of the Defendant at Hurt's residence.

Based on the foregoing, the Court concludes that the Defendant's Objections to the Report and Recommendation are without merit. Therefore, the Defendant's motion to quash arrest and suppress evidence

will be DENIED.

Ergo, the Court hereby DENIES the Defendant's motion to suppress evidence and quash arrest [d/e 30] and ADOPTS United States Magistrate Judge Byron G. Cudmore's Report and Recommendation [d/e 47] as to the Defendant's motion.

ENTER: January 7, 2011

FOR THE COURT:

s/Richard Mills
United States District Judge