IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 10-30058 |
| | ) | |
| EDDIE LEE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

This matter is before the Court on the Motion of Defendant Eddie Lee to Quash Arrest and Suppress Evidence pursuant to Rodriguez v. United States, 135 S. Ct. 1609 (2015). The jury trial is now set to begin on April 18, 2016. Upon reviewing the Motion, the Government's Response and other portions of the record, the Court concludes that a hearing is unnecessary.

In Rodriguez, the United States Supreme Court held that "a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." 135

S. Ct. at 1612.   On December 2, 2009, Defendant Eddie Lee was stopped by McLean County officials.  The Defendant was driving a black Honda Accord and was traveling south on I-55 toward Springfield, Illinois.  At the original hearing on the motion to suppress,[1] Deputy Sheriff Jason Tuttle testified that he was assigned to drug interdiction detail on that day.

At the hearing, Deputy Tuttle testified that he stopped the Defendant because the car he was driving had a suspended registration.  He testified he could not tell by looking at the license plate that there was a problem with the registration.  The Defendant was not speeding or violating any traffic ordinance.  He produced his valid driver's license and proof of insurance.  Upon determining that Defendant had a valid driver's license, Deputy Tuttle did not issue the Defendant a ticket because he was not the owner of the car and Tuttle was not certain that Defendant knew of the suspended registration.

Deputy Tuttle, who was also a canine officer, did advise the

---

[1] A hearing on the motion to suppress was held on November 8, 2010. This case is before the Court upon the mandate reversing the Defendant's convictions following the second trial in this case.

2

Defendant that he was going to walk his dog around the car for a free air sniff. The Defendant was detained by a second officer, Detective Chad Witkowski, who had arrived for backup, while the canine search was conducted. At the passenger door, the dog alerted that it detected an illegal substance. The officers searched the car, including its trunk. Neither officer found any drugs in the car.

Deputy Tuttle advised the Defendant that the car would be towed. Brown's Towing Service towed the car to its secured, gated facility in Bloomington, Illinois. Witkowski drove Lee approximately five miles south to the Funks Grove rest area.

The traffic stop began at 10:18 a.m. and the car was towed at 10:56 a.m. The Defendant was taken to the rest area at 10:47 a.m.

The Defendant asserts he was detained beyond the period of time necessary to provide him with a citation for the suspended registration in order to subject the car to a dog sniff which, the Defendant alleges, violates Rodriguez.

DEA Agent Akil Smith obtained a warrant to conduct another search

3

of the car. The contents of the trunk were removed and a black plastic bag containing crack cocaine was found behind the spare tire. The Defendant alleges this evidence must be suppressed as fruit of the poisonous tree pursuant to Wong Sun v. United States, 371 U.S. 471 (1963). He further asserts that the search warrant affidavit does not contain sufficient evidence to support a finding of probable cause regarding the Defendant's involvement in any illegal activity to justify the search, as required by Ybarra v. Illinois, 444 U.S. 85 (1979). Accordingly, the Defendant requests that the evidence be suppressed and his arrest quashed.

The Supreme Court held that a traffic stop could last no longer than it takes to address the infraction. See Rodriguez, 135 S. Ct. at 1614. Ordinary inquiries during a traffic stop include "checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance. Id. at 1615.

The Court is not persuaded that the duration of the traffic stop was improperly extended to allow for the canine sniff. As the Government

alleges, the Defendant was driving a car that he did now own and that had a suspended registration "for safety and responsibility," which suggested that the registration had been suspended for lack of insurance or for failure to pass a vehicle inspection. Whatever the reason, as Judge Cudmore noted in the Report and Recommendation of November 10, 2010, the car could not be driven with that status under 625 ILCS 5/3-708. Accordingly, the vehicle was properly towed under Illinois law.

Significantly, it was the lawful detention of the car, not the Defendant, that led to the search of the car. Therefore, even assuming the Defendant was improperly detained before being driven to the rest stop, any such detention did not taint the otherwise valid detention, towing and subsequent search of the car, which could not be lawfully driven with a suspended registration. Therefore, the lawful detention of the car was an independent basis or source for the search.

To the extent the Defendant alleges the evidence should be suppressed based on the reliability of the confidential source and/or because the search warrant affidavit lacked probable cause, the Court rejects those

arguments for the reasons previously given.

<u>Ergo</u>, the Defendant's Motion to Quash Arrest or Suppress Evidence [d/e 243] is DENIED.

ENTER: March 15, 2016

    FOR THE COURT:

                               s/Richard Mills
                               Richard Mills
                               United States District Judge